## Van Buren *v.* Lawson.

### Opinion delivered November 5, 1923.

1. Municipal corporations—vehicle tax—statutes.—Crawford & Moses' Dig., § 7749, providing that "cities of the first class are authorized to require residents of such city to pay a tax for the privilege of keeping and using wheeled vehicles, except bicycles," was not repealed, but was modified as to motor vehicles only, by §§ 1, 2, of act 289, 1919, p. 227.

2. Municipal corporations—vehicle tax—discrimination.—An ordinance of a city of the first class imposing a vehicle tax of $5 upon the resident owner of each horse-drawn or motor-driven vehicle is not void as discriminating against the owners of horse-drawn vehicles.

Appeal from Crawford Chancery Court; *J. V. Bourland,* Chancellor; reversed.

*C. M. Wofford,* for appellant.

This is a privilege tax merely, and not a property tax. The act of March 26, 1901, C. & M. Dig., § 7749, is valid. 70 Ark. 549. The act of March 27, 1919, C. & M. Dig., §§ 7745, 7746 and 7747, is but a reenactment of the former statute, adding them to motor vehicles. The ordinance is valid. 13 R. C. L. 257; 13 L. R. A. 413, and note; 141 Ark. 521.

*E. D. Chastain,* for appellee.

1. The ordinance is for revenue only, and imposes a tax. It is invalid (a) because in violation of art. 12, § 4, Constitution of 1874, and (b) because it is an abuse of the statute, C. & M. Dig., § 7444, by imposing a tax or exaction annually from all persons owning and using such vehicles, indiscriminately and without regard to size, capacity or relative tendency to injure or wear the streets. 85 Ark. 509; 70 Ark. 549.

2. The statute was repealed by act 229, Acts of 1919, p. 227.

HUMPHREYS, J. Appellees filed suit against appellant in the chancery court of Crawford County to restrain appellant from enforcing an ordinance passed by the city council on August 2, 1920, levying a tax of $5 upon the owner of each horse-drawn or motor-driven vehicle, living within the city, except bicycles, etc. The bill for injunction was based upon the alleged invalidity of the ordinance upon two grounds: first, that the statute authorizing cities of the first class to tax vehicles indiscriminately was repealed by act 289 of the General Assembly of 1919, p. 227; second, that the ordinance is discriminatory and void for laying a tax upon the owners of vehicles without regard to size, capacity, or relative tendency to injure or wear the streets.

1. Cities of the first class were authorized by act March 26, 1901, p. 113 (§ 7749, Crawford & Moses' Digest), to levy a privilege tax upon residents for keeping and using wheeled vehicles, except bicycles. Section 1 of the act is as follows:

"That cities of the first class are hereby authorized to require residents of such city to pay a tax for the privilege of keeping and using wheeled vehicles, except bicycles, but such tax shall be appropriated and used exclusively for repairing and improving the streets of such city."

Appellees make the argument that the entire subject embraced in said act was covered by §§ 1 and 2 of act 289, 1919, p. 227, and was repealed by the later act. The later act related to motor vehicles only, while the first act related to all wheeled vehicles, so the entire subject was not covered by the later act. The later act was a modification of the first act by fixing the maximum tax for motor vehicles, which operated as an implied amendment of the first act. The first act was not repealed by the later one.

2. It will be remembered that the tax levied by the ordinance is not for regulatory but for revenue purposes,

and is not, therefore, measured by the relative cost of supervision of different kinds or classes of vehicles. It follows that any reasonable amount may be exacted from resident owners and users of wheeled vehicles without offending against the doctrine of non-discrimination. The fact that all wheeled vehicles were included in one class and the authorized maximum amount levied upon the resident owner and user of each without regard to the use made of it, did not void the ordinance as imposing a discriminatory tax, for the maximum amount was a moderate and reasonable sum for the use of any wheeled vehicle upon the streets. It does not follow that, because the Legislature restricted the maximum amount upon motor vehicles to $5, the same amount would be an arbitrary or discriminatory levy upon wheeled vehicles propelled by muscular power.

Appellees make the further contention that the decree should be affirmed because it does not appear from the record that a judgment was entered. The record shows that the "precedent for judgment" was entered. The clerk has certified that the "precedent for judgment" was a decree of the court. The certification of the clerk must govern as to the proceedings had and done in the case.

For error indicated the decree is reversed, and the bill of appellees is dismissed for the want of equity.